UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY E. GRANT and
THERESA GRANT,

        Plaintiff,

vs.

TIMOTHY M. LACOE and
HANNABERY ELECTRIC, INC.,

        Defendants.

CIVIL ACTION NO. 3:10-CV-1726




## MEMORANDUM AND ORDER

We have before us a defense Motion in Limine to preclude testimony from Kenneth W. Reagles, Ph. D., a vocational rehabilitation specialist, economist and life care planner, concerning plaintiff's future loss of earnings, despite the fact that plaintiff has continued in his pre-accident position for well over three years; to some degree based on the generosity of his employer. The gist of the Motion is to preclude the opinion of Dr. Reagles that plaintiff "... will be unable to continue to perform the essential tasks of his job and will, within the next two years, have to pursue alternative employment."[1] Counsel have effectively researched and briefed the legal aspects of this evidentiary issue.

The defense claims Dr. Reagles' opinion is totally devoid of any factual support, and his own review of plaintiff's medical treatment fails to disclose that any doctor has proposed that plaintiff is medically impaired from performing his current employment. Accordingly, his opinion fails to meet the test for admitting scientific testimony provided in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). We should note, however, that Dr. Reagles' findings do in fact list the medical and other evidence he considered.

---

[1] Dr. Reagles' report consists of sixty-one pages. An additional affidavit consists of six pages. A report of the plaintiffs specialist, Patricia Chilleri, M.S. consists of thirty-two pages.

The defense expert's report states that she too reviewed the medical evidence. Not unlike Dr. Reagles, Ms. Chilleri concludes that based on medical information, plaintiff faces a diminution of his occupational base and "... the potential for a reduced work life expectancy does exist." Based on her opinion, "... this would equate to a potential loss and impairment of earning capacity of approximately $285,699 based on his 2010 earnings...". This amount is about one-fifth of Dr. Reagles' calculations. In a supplemental filing, Ms. Chilleri seems to contradict herself.

We believe the conclusions of both named experts, as well as their qualifications, satisfy the requirements of Daubert. In these circumstances, the ultimate credibility should be left for the jury.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY E. GRANT and<br>THERESA GRANT,<br><br>        Plaintiff,<br><br>vs.<br><br>TIMOTHY M. LACOE and<br>HANNABERY ELECTRIC, INC.,<br><br>        Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 3:10-CV-1726<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, THIS 27TH DAY OF JANUARY, 2012, IT IS HEREBY ORDERED THAT:

The defense Motion in Limine is **DENIED**.

_____
Edwin M. Kosik
United States District Judge